# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEMOS WATKINS, | : | Civil No. 1:26-CV-00449 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN, FCI LEWISBURG, | : | |
| | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is a petition for writ of habeas corpus filed by Demos Watkins ("Petitioner"), an inmate currently housed at the Federal Correctional Institution Lewisburg ("FCI-Lewisburg").  (Doc. 1.)  Specifically, Petitioner alleges that the Bureau of Prisons ("BOP") should apply his earned time credits under the First Step Act ("FSA") in excess of 365 days towards placement in home confinement.  (*Id.*)  The court considered a petition making an identical argument filed by Petitioner in January of 2026 and concluded that Petitioner's claims under the FSA are not cognizable under Section 2241.  *Watkins v. Warden of FCI-Lewisburg*, No. 1:26-CV-00138 (M.D. Pa. Jan. 26, 2026).  Therefore, the court will dismiss the petition.

### BACKGROUND AND PROCEDURAL HISTORY

Petitioner initiated an action in this court by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241that the court received and docketed on

1

January 21, 2026. *Watkins*, No. 1:26-CV-00138, Doc. 1. Petitioner provided documentation that he was granted the full 365 days of early release from earned time credits under the FSA. *Id*., Doc. 1-1. It appeared that he had earned time credits in excess of the 365 days, totaling 1981 days with 595 days available to apply to towards prerelease placement such has a residential reentry center ("RRC") or home confinement. *Id*. Plaintiff filed the petition seeking application of these 595 days of excess credit under the FSA. *Id*., Doc. 1. The court screened the petition pursuant to Rule 4 and determined that petitioner's habeas challenge was not cognizable and dismissed the petition. *Id*., Doc. 4.

On February 24, 2026, the court received and docketed Petitioner's current petition seeking an order of the court instructing the Warden at FCI-Lewisburg to recalculation his prerelease eligibility date applying all accrued credits earned under the FSA and effectuate transfer into a prerelease custody. (Doc. 1.) The instant petition makes arguments identical to those raised in the January petition. (*Id*.) Petitioner paid the requisite filing fee, and the court will now screen the petition consistent with Rule 4.

## VENUE

A § 2241 petition must be filed in the district where the petitioner is in custody. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks

2

relief, but upon the person who holds him in what is alleged to be unlawful custody.")  Petitioner is being held at FCI-Lewisburg in Union County, Pennsylvania, which is in this district.  *See* 28 U.S.C. § 118(b).  Therefore, this court is the proper venue for the action.

## STANDARD

This matter is before the court for screening pursuant to 28 U.S.C. § 2243. The § 2241 petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (applicable to § 2241 petitions under Rule 1(b)).  Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.  *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970).

## DISCUSSION

Here, Petitioner is attempting to relitigate an identical claim previously resolved by this court.  He brings the same claim and seeks the same relief as in the January 2026 petition.  It is well established that principles of *res judicata* apply to habeas petitions and forbid the re-litigation of claims previously settled between the parties in prior litigation.  *See Anselmo v. Hardin,* 253 F.2d 165 (3d Cir. 1958). Therefore, the court will dismiss the petition.

**CONCLUSION**

For the above stated reasons, the court will dismiss the petition and close the case.  An appropriate order follows.

> s/Jennifer P. Wilson
> JENNIFER P. WILSON
> United States District Judge
> Middle District of Pennsylvania

Dated: March 9, 2026